UNITED STATES of America,
Plaintiff–Appellee,

v.

Jason Michael TERPSTRA,
Defendant–Appellant.

No. 15-10375

United States Court of Appeals,
Ninth Circuit.

---

Submitted August 24, 2016 *

Filed August 26, 2016

Karla Delord, Assistant U.S. Attorney, USPX—Office of the US Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jason Michael Terpstra, Pro Se.

Before: HUG, FARRIS, and CANBY, Circuit Judges.

MEMORANDUM **

Jason Michael Terpstra appeals from the district court's judgment and challenges his guilty-plea conviction and 110–month sentence for being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Terpstra's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Terpstra the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Terpstra has waived his right to appeal his conviction and sentence. Because the record discloses no arguable issue as to the validity of the appeal waivers, we dismiss the appeal. *See United States v. Watson,* 582 F.3d 974, 986–88 (9th Cir. 2009).

We decline to review any ineffective assistance of counsel claims on direct appeal.

*See United States v. Rahman,* 642 F.3d 1257, 1260 (9th Cir. 2011) (holding that we review ineffective assistance of counsel claims on direct appeal only in the unusual cases where the record is sufficiently developed or the legal representation is so obviously inadequate that it denies a defendant his Sixth Amendment right to counsel). We leave open the possibility that Terpstra might raise an ineffective assistance of counsel claim in collateral proceedings. *See id.*

Counsel's motion to withdraw as counsel is **GRANTED.**

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

